UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENNIE GRAY, Jr., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:20cv1076(KAD) |
| | : | |
| TASK FORCE OFFICER JEREMY | : | |
| ZELINSKI, ET AL., | : | |
| Defendants. | : | |

## **INITIAL REVIEW ORDER**

Plaintiff, Bennie Gray, Jr. ("Gray"), is currently incarcerated at Cheshire Correctional Institution. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against State Police – Statewide Narcotics Task Force Officer Jeremy Zelinski ("Task Force Officer Zelinski") and New London Police Officer Ryan Griffin ("Officer Griffin"). The allegations arise from the events of May 9, 2018 when Gray was arrested in New London, Connecticut. For the reasons set forth below, the Complaint is dismissed without prejudice as to one of the claims asserted herein.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the Court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when a plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A

complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of

a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet

the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). [1]

**Factual Allegations**

On December 2, 2017, criminal charges for which Task Force Officer Bridget Nordstrom

had arrested Gray on September 5, 2017, were *nolled* and dismissed.[2] *See* Compl., ECF No. 1, at

3 ¶ 13.  Task Force Officer Nordstrom works closely with Task Force Officer Zelinski. *Id.*

On March 16, 2018, Department of Correction officials released Gray from prison. *Id.*

On May 9, 2018, Task Force Officer Zelinski was following Gray as he drove around New

London. *Id.* ¶ 14.  Officer Zelinski made at least two calls to a New London Police Department

dispatcher on that date. *Id.*  During a call made at approximately 4:28 p.m., Task Force Officer

Zelinski reported that Gray had committed a motor vehicle infraction and requested that a New

London police officer pull Gray over and charge him with the infraction. *Id.* at 2 ¶ 8.

---

[1] The Court limits its review for purposes of 28 U.S.C. § 1915A to federal law claims because the purpose of an initial review order is to determine whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants.  If there are no facially plausible federal law claims, then the Court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.  On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment.  More generally, the Court's determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment in the event that the Court has overlooked a controlling legal principle or if there are additional facts that would warrant dismissal of a claim.

[2]  In August 2018, Gray filed a civil rights action against Officer Nordstrom and two other officers challenging his September 5, 2017 arrest, the search of the vehicle that he was riding in at the time of the arrest and the seizure of narcotics from the vehicle. *See Gray v. Nordstrom, et al.*, Case No. 18cv1402(KAD) (Complaint,

Upon receiving this information from the dispatcher, New London Police Officers Ryan Griffin, Joseph Pelchat and Gregory Moreau located Gray's vehicle and pulled up behind it. *Id.* ¶ 9. Officer Moreau activated the lights of the police vehicle that he was driving and pulled Gray over. *Id.* Officer Griffin exited his unmarked police vehicle and walked towards Gray's vehicle. *Id.* ¶ 10.

Task Force Officer Zelinski had been riding in Officer Pelchat's police vehicle. *Id.* Officer Pelchat did not stop at the scene of Gray's traffic stop but instead took a right down Williams Street and parked. *Id.* Task Force Officer Zelinski did not approach the scene of the traffic stop and instead spoke to Officer Pelchat and instructed him on how to charge Gray. *Id.* ¶ 11. Officer Griffin arrested Gray for committing an "unrelated felony" and for violating Connecticut General Statutes § 14-223. Section 223 is titled "Failing to stop when signaled or disobeying direction of officer. Increasing speed in attempt to escape or elude officer." Conn. Gen. Stat. § 14-223.

State of Connecticut Judicial Branch records reflect that New London Police Officers arrested Gray on May 9, 2018 on the charge of possession of narcotics. On April 8, 2019, in *State v. Gray*, Docket No. K10K-CR18-0341394-S, a jury found Gray guilty of the drug possession charge. On July 8, 2019, a judge imposed a sentence of twenty years, execution suspended after twelve years to be followed by five years of probation.[3]

Officer Griffin's police report included a false allegation that prior to arresting Gray, he

---

ECF No. 1, at 3-4). That action remains pending.

　　[3] Information pertaining to Gray's arrest on May 9, 2018 on the charge of possession of a narcotics, his conviction on April 8, 2019 and his sentencing on July 8, 2019 may be found on the State of Connecticut Judicial Branch website under *State v. Gray*, Docket No. K10K-CR18-0341394-S. *See* https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp. Gray's appeal from the conviction and sentence are still pending. *See* http://appellateinquiry.jud.ct.gov/CaseDetail.aspx?CRN=61984&Type=PartyName

had called dispatch to report that Gray had committed a motor vehicle violation. Compl. ¶ 11.

The dispatcher's report shows that Task Force Officer Zelinski made the call about Gray's motor

vehicle violation. *Id.*

On May 11, 2018, Gray filed a motion for speedy trial under Connecticut General

Statutes § 54-22c in connection with the motor vehicle infraction that had been assigned

Complaint No. 102112-5. *Id.* ¶ 12. On July 8, 2019, a judge *nolled* the motor vehicle infraction

pending against Gray. *Id.*

**Discussion**

In his Complaint, Gray asserts violations of the Fourth Amendment in connection with a

search and seizure on May 9, 2018; a Fourteenth Amendment retaliation claim, and a Fourteenth

Amendment equal protection claim. *Id.* At 3-4. He seeks declaratory relief and monetary

damages. *Id.* at 4-5.

**Declaratory Relief**

Gray seeks a declaratory judgment that the defendants violated his Fourth and Fourteenth

Amendment rights when the pulled him over and arrested him for a motor vehicle violation on

May 9, 2018. Under the doctrine of *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may seek

prospective injunctive and declaratory relief to address an ongoing or continuing violation of

federal law or a threat of a violation of federal law in the future. *See In re Deposit Ins.*

*Agency,* 482 F.3d 612, 618 (2d Cir. 2007); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000).

In determining whether *Ex Parte Young* applies, "a court need only conduct a straightforward

inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief

properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S.

635, 645 (2002) (internal quotation marks and citation omitted).

Gray's request for a declaration that the defendants violated his federal constitutional rights in the past is barred by the Eleventh Amendment. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young*... to claims for retrospective relief") (citations omitted).  Furthermore, if the plaintiff were to prevail on his Fourth and Fourteenth Amendment claims, the Court necessarily would determine that the defendants had violated his constitutional rights.  Thus, a separate award of declaratory relief is unnecessary.  Accordingly, the requests for declaratory relief are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### Fourth Amendment – Unlawful Search and Seizures

Gray alleges that he did not commit a motor vehicle violation.  He contends that his Fourth Amendment rights were violated when he was searched, and his vehicle was seized and when Officer Griffin arrested him for committing a motor vehicle infraction.  He asserts that on July 8, 2019, a judge entered a *nolle* dismissing the traffic infraction.

Gray does not allege that Officer Griffin or Task Force Officer Zelinski searched him or seized his motor vehicle.  In fact, he does not describe the nature of any purported search or seizure.  Thus, Gray has not plausibly alleged a Fourth Amendment claim against either defendant, and those claims are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

False arrest claims brought pursuant to section 1983 as violations of the Fourth Amendment's right "to be free from unreasonable seizures, are substantially the same as claims

for false arrest ... under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003)

(internal quotation marks and citations omitted).  In a section 1983 action, claims

for false arrest are controlled by state law.  *See Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir.

2004).  Connecticut law defines false arrest or false imprisonment as "the unlawful restraint by

one person of the physical liberty of another.'"  *Russo v. City of Bridgeport*, 479 F.3d 196, 204

(2d Cir. 2007) (internal quotation marks and citation omitted).  In addition, to state a

constitutional violation, a plaintiff must demonstrate "an unreasonable deprivation of liberty in

violation of the Fourth Amendment."  *See Walker v. Sankhi*, 494 F. App'x. 140, 142 (2d Cir.

2012) (summary order).

 A plaintiff cannot state a claim of false arrest under the Fourth Amendment if at the time

of his arrest, he was already in custody on other charges, because under those circumstances,

there is no deprivation of an existing liberty interest.  Here, Gray alleges that on May 9, 2018,

Officer Griffin arrested him on both a traffic infraction and an unrelated felony.  He does not

challenge the validity of his arrest on the felony charge.  He alleges that a judge dismissed the

traffic infraction on July 8, 2019, the same date that he was sentenced on the felony offense for

which he was arrested on May 9, 2018.  Because he was taken into custody on the felony charge

on the same date that he was taken into custody on the traffic infraction, he did not suffer a

deprivation of liberty as a result of his arrest for the traffic infraction.  *See, e.g.*, *Walker*, 494 F.

App'x. at 143 ("[E]ven if he could overcome the presumption of probable cause, [plaintiff] could

not have suffered a deprivation of liberty as a result of the Bellamy burglary charge because,

throughout the pendency of that charge, he was already in custody, and remained in custody, for

a completely separate burglary charge....") (citation omitted); *Leniart v. Bundy*, 2011 WL

4452186, at *7 (D. Conn. Sept. 26, 2011) ("A plaintiff does not have a claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he already is in custody on other charges, because there is no deprivation of liberty interests."); *Goncalves v. Reynolds*, 198 F. Supp. 2d 278, 283 (W.D.N.Y. 2001) ("[A]t the time that these events occurred, plaintiff was already being detained pursuant to the earlier ... charges, and based upon his prior convictions.... Since plaintiff would have been in custody anyway, he cannot state a claim for false arrest."). Accordingly, Gray has failed to state a plausible Fourth Amendment unlawful arrest/seizure claim against the defendants in connection with his arrest for a traffic infraction on May 9, 2018. The Fourth Amendment false arrest/seizure claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### Fourteenth Amendment - Retaliation

Gray next alleges that on May 9, 2018, Task Force Officer Zelinski was aware that on December 1, 2017, a judge had *nolled* and dismissed charges filed against him in a pending criminal case, a case in which the arresting officer was Task Force Officer Bridget Nordstrom. Gray claims that Task Force Officer Zelinski's conduct on May 9, 2018 was in retaliation for Gray's exercise of his Fourteenth Amendment right to a trial in that state criminal case.

The Second Circuit has held that a retaliation claim under section 1983 may be stated when "the government takes negative action against an individual because of his exercise of rights guaranteed by the Constitution or federal laws." *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (citing *Hynes v. Squillace,* 143 F.3d 653, 657 (2d Cir. 1998) (*per curiam*); *Greenwich Citizens Comm., Inc. v. Counties of Warren & Washington Indus. Dev. Agency,* 77 F.3d 26, 33 (2d Cir.1996) (suggesting that plaintiffs may state "claims of alleged retaliation for

7

the exercise of a constitutional or statutory right" under 42 U.S.C. § 1983)).  In order to state a

claim for retaliation under section 1983, a plaintiff must show that: (1) his actions were protected

by the Constitution or federal law; and (2) "the defendant's conduct complained of was in

response to that protected activity."  *Posr v. Court Officer Shield # 207,* 180 F.3d 409, 418 (2d

Cir.1999).  To meet the second element, the plaintiff must allege facts which would support an

inference that the defendants "harbored retaliatory intent."  *Id.*

Gray alleges that he chose to defend himself in a criminal case by pursuing his right to a

trial.  "The right to a fair trial[ ][is] guaranteed to state criminal defendants by the Due Process

Clause of the Fourteenth Amendment...."  *Cone v. Bell,* 556 U.S. 449, 451 (2009).  The Sixth

Amendment, which is made applicable to the States by the Fourteenth Amendment, guarantees a

criminal defendant the right to trial by an impartial jury.  *Duncan v. Louisiana,* 391 U.S. 145,

159 (1968).  Thus, electing to go to trial on criminal charges is a constitutionally protected right.

*See Salaman v. City of New Haven*, 2019 WL 2231223, at *4 (D. Conn. May 23, 2019)

("[E]lecting a trial on criminal charges is a constitutionally protected interest.")  Thus, Gray has

met the first element of a retaliation claim.

However, there are no facts alleged which would suggest that Officer Zelinski's conduct

on May 9, 2018 was taken in response to or in retaliation for Gray's exercise of his right to go to

trial in his criminal case, a case which was dismissed a full five months prior to the date of the

traffic stop. Thus, there is no temporal connection which would support an inference of

retaliation. Gray alleges only that Officer Zelinski and Officer Nordstrom work together.  The

fact that Officer Zelinski worked with another Task Force Officer who was involved in Gray's

arrest on the criminal charges that gave rise to the prior case does not support an inference that

Officer Zelinski was motivated by retaliation when he requested that Gray be pulled over and arrested for a traffic infraction on May 9, 2018.  *See e.g.*, *Salaman*, 2019 WL 2231223, at *4 ("Even if Lopez had directed the investigation and arrest of the plaintiff in 2016, the claim that he was "targeting" the plaintiff because of the 2014 criminal case is entirely speculative. Moreover, there are no allegations that Zelinski was involved in the arrest of Gray in the prior criminal case or was otherwise involved in the prosecution of the case by the State's Attorney. Finally, the fact that Gray was arrested during the same traffic stop on an unrelated felony charge and was subsequently convicted on that charge undermines any possible inference that the traffic stop was retaliatory.  The Court concludes that Gray has not plausibly alleged a Fourteenth Amendment retaliation claim and this claim is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

### Fourteenth Amendment – Equal Protection

Gray alleges that Task Force Officer Zelinski treated him differently than all other citizens in Connecticut when he called the dispatcher to report a motor vehicle infraction that had not occurred and that Officer Griffin treated him differently than all other citizens in Connecticut when he covered for Officer Zelinski by filing a report falsely stating that he had called the dispatch officer to report the motor vehicle infraction.  He asserts a class of one equal protection claim against Task Force Officer Zelinski and Officer Griffin.

The Supreme Court has recognized that "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  To state a class of one equal

protection claim such as that presented here,[4] a plaintiff must allege that "she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed on such a claim, "plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). In fact, "the standard for determining whether another person's circumstances are similar to the plaintiff's must be ... whether they are *prima facie* identical." *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005) (internal quotation marks omitted), overruled on other grounds by *Appel v. Spriridon*, 531 F.3d 138, 139–40 (2d Cir.2008).

Gray does not identify any comparators in support of this claim. He identifies no one who received more favorable treatment by these defendants and whose circumstances bore an extremely high degree of similarity to his own. Rather, he simply identifies his comparators as all other Connecticut motorists. This is not sufficient. *Ruston*, 610 F. 3d at 59. Accordingly, Gray has failed to plausibly allege a class of one equal protection claim and this claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1)      The Fourteenth Amendment retaliation claim, the Fourteenth Amendment equal

---

[4] Gray does not allege disparate treatment on the basis of race, ethnicity, or other protected class status, which claims are reviewed under a different analysis. *See, LeClair v. Saunders*, 627 F.2d 606, 609–10 (2d Cir. 1980)(A plaintiff could prevail on a theory of selective treatment based upon a showing "that (1) the [plaintiff], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.")

protection claim, and the Fourth Amendment false arrest, search and seizure claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

      (2)      The Fourth Amendment claim arising out of the search of his person or the seizure of his vehicle is dismissed without prejudice. Gray may, on or before **February 12, 2021,** file an amended complaint reasserting this claim. If Gray chooses to file an amended complaint, he must include facts which reflect: the identity of the person or persons conducting the search or seizure; the circumstances under which any alleged search of his person occurred; the circumstances under which the seizure of his vehicle occurred, and the type of search performed.  The allegations must reveal whether any search or seizure arose out of his arrest on the motor vehicle violation or arose out of his arrest on the unrelated felony.  If no amended complaint is filed, the Clerk of the court is directed to enter judgment for the defendants and close the case on **February 15, 2021**.

      SO ORDERED at Bridgeport, Connecticut this 14th day of January 2021.

                        ___/s/_____
                        Kari A. Dooley
                        United States District Judge

11